IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DESMOND LEE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:24-CV-160 (MTT) |
| | ) | |
| MACON-BIBB COUNTY | ) | |
| GOVERNMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

On May 28, 2024, plaintiff Desmond Brown, proceeding pro se, filed this lawsuit against defendants Macon Bibb County Government and the Superior Court of Bibb County.  Doc. 1.  Brown also filed a motion for leave to proceed *in forma pauperis* ("IFP").  Doc. 2.  The Court granted Brown IFP status, but because Brown's complaint was lacking, the Court ordered him to amend his complaint before it conducted a frivolity review pursuant to 28 U.S.C. § 1915.  Doc. 5.  Brown filed his amended complaint on July 11, 2024.  Doc. 8.  For the following reasons, Brown's complaint (Doc. 8) is **DISMISSED without prejudice**.

## I. STANDARD

Section 1915 does not create an absolute right to proceed IFP in civil actions.  28 U.S.C. § 1915.  "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up).  The Court shall dismiss the case if

it determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim

on which relief may be granted;" or (3) "seeks monetary relief against a defendant who

is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it

appears "from the face of the complaint that the factual allegations are 'clearly baseless'

or that the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392,

393 (11th Cir. 1993).  "A dismissal under § 1915(e)(2)(B)(ii) [for failure to state a claim]

is governed by the same standard as a dismissal under Federal Rule of Civil Procedure

12(b)(6)."[1]  *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v.

Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  However, because Brown is

proceeding pro se, his "pleadings are held to a less stringent standard than pleadings

drafted by attorneys and will, therefore, be liberally construed."  *Hughes v. Lott*, 350

F.3d 1157, 1160 (11th Cir. 2003) (internal quotation marks and citation omitted).  But

"[d]espite the leniency afforded pro se plaintiffs, the district court does not have license

to rewrite a deficient pleading."  *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864

(11th Cir. 2008) (citation omitted).

## II. DISCUSSION

Brown alleges that his name, Desmond Lee Brown, is a copyrighted and

trademarked symbol.  Doc. 8 at 1.  Brown alleges that the defendants illegally made use

of his copyrighted and trademarked name Desmond Lee Brown on a notice of hearing,

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*." Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted).

-2-

and that the attorney for the Bibb County Tax Commissioner was negligent for failing to make all parties aware of his copyrighted and trademarked name. *Id*. at 2. Brown seeks $2 million in damages for the alleged unauthorized use of his copyrighted and trademarked name. *Id*. at 5. This claim is the epitome of legally frivolous and is subject to dismissal on that basis alone.[2]

Brown also appears to assert that the county's taking of his property violated the Fifth Amendment of the U.S. Constitution. Brown alleges that "Judge David L. Mincey III violated [Brown's] rights by granting Tax commissioner Samuel Wade McCord permission to take [his] property through a Sheriff Tax Deed." Doc. 8 at 2. He further alleges that "Macon-Bibb Tax commissioner Samuel Wade McCord violated [Brown's] rights by taking a tract of land lying and being in Bibb County, Georgia known as 1884 Rocky Creek Road, Macon Georgia." *Id*. Brown does not request any specific relief on this claim. *Id*.

The complaint establishes that Brown's property was sold because Brown failed to pay taxes validly levied against his property in Bibb County.[3] *See* O.C.G.A. §§ 48-3-1 to -29. Because Macon-Bibb County's handling of executions for nonpayment of

---

[2] *See Ausler v. United States*, 545 F.3d 1101, 1104 (8th Cir. 2008) (holding that a defendant's claim that his name was copyrighted and that the Magistrate Judge was not authorized to use his name in court proceedings was "frivolous on its face" and the copyright claim was "purely imaginary"); *Jordan v. United States*, No. 1:07-CV-45 (WLS), 2007 U.S. Dist. LEXIS 103853, at *8 (M.D. Ga. Oct. 12, 2007) ("[The defendant's] assertions of the applicability of the Uniform Commercial Code, his personal sovereignty, and his copyright to his name are incorrect, irrelevant, and immaterial to his criminal prosecution, conviction and sentence."); *Gibson v. Crist*, No. 307CV274/MCR/EMT, 2007 U.S. Dist. LEXIS 56997, at *3 (N.D. Fla. Aug. 6, 2007) (holding that plaintiff's "allegation of copyright or trademark infringement against Defendants for their use of his name is clearly frivolous").

[3] Brown alleges that "[the defendants] were in the process of violating [Brown's] rights by enforcing [him] to pay property taxes which [he] is not required to as a sovereign man to the United States Government." Doc. 8 at 3.

-3-

taxes in accordance with Georgia law violates no constitutional provision, Brown's Fifth Amendment claim is frivolous.[4]

In sum, Brown's complaint fails to state a claim on which relief may be granted. In addition, the Court notes that three of the named defendants--Judge Mincey, Judge Monroe, and Brandi Cates—have immunity from liability for damages. Judges are absolutely immune from lawsuits for money damages involving acts taken in their judicial capacities unless they act in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Similarly, staff members of a judge "are encompassed by a judge's absolute immunity when their official duties have an integral relationship with the judicial process." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) (internal quotation marks omitted).

Brown does not, and could not, argue that Judge Mincey or Judge Monroe, as Bibb County Superior Court Judges, were acting "in the clear absence of all jurisdiction" in judicial proceedings related to Brown's failure to pay property taxes in Bibb County. Likewise, Brown's claim against Brandi Cates involves her sending a notice of hearing to Brown. This act was clearly taken on behalf of Judge Monroe and in the scope of her official duties as Judge Monroe's judicial assistant. Accordingly, Judge Mincey, Judge Monroe, and Brandi Cates are entitled to judicial immunity.

---

[4] Courts have consistently rejected the arguments and legal theories espoused by sovereign citizens as "utterly frivolous, patently ludicrous, and a waste of ... the court's time, which is being paid by hard-earned tax dollars." *See Young v. PNC Bank, N.A.*, No. 3:16cv298/RV/EMT, 2018 U.S. Dist. LEXIS 39646, at *5 (N.D. Fla. Mar. 12, 2018) (citation omitted); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013). Such cases are routinely dismissed as "clearly baseless," frivolous nonsense. *Trevino v. Florida*, 687 F. App'x. 861, 862 (11th Cir. 2017) (citations omitted); *Sterling*, 738 F.3d at 233 n.1 (citations omitted) (stating that "[c]ourts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous").

-5-

For the above reasons, Brown's complaint (Doc. 8) is **DISMISSED without prejudice** because it is frivolous and seeks monetary relief from defendants who are immune from such relief.

**SO ORDERED**, this 3rd day of October, 2024.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT