IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DESMOND LEE BROWN,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | )  CIVIL ACTION NO. 5:24-CV-160 (MTT) ) |
| **MACON-BIBB COUNTY GOVERNMENT,** *et al.*, | ) ) ) ) |
| **Defendants.** | ) ) |

## ORDER

Plaintiff Desmond Brown moves the Court for reconsideration of its Order (Doc. 9) entered for defendants Macon-Bibb County Government and the Superior Court of Bibb County.  Doc. 11.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Brown's motion for reconsideration is a nine-page tirade consisting of "demands" and unsubstantiated assertions which restate the claims raised in his complaint.[1] Brown was informed in the Court's Order that his claims asserting (a) a trademark on his name and (b) that he is not required to pay property taxes as a "living sovereign man" are the epitome of legally frivolous.  Doc. 9 at 3.  Brown does not contend that the Court made any error regarding its finding that three of the named defendants are entitled to judicial immunity.  *See* Doc. 9 at 4-5.  Instead, Brown purports to rely on vague "legal maxims" and "House Joint Resolution (HJR) 192, Public Law 73-10," which "make[] [him] exempt from Levy until actual money comes back into circulation … even if [he] was obligated to pay property taxes."[2]  Doc. 11 at 2-8.  Once again, these assertions have no basis in the law and are "frivolous, patently ludicrous, and a waste of … the court's time."  *See Young v. PNC Bank, N.A*., No. 3:16cv298/RV/EMT, 2018 U.S. Dist. LEXIS 39646, at *5 (N.D. Fla. Mar. 12, 2018) (citation omitted).  Because Brown has failed to show that the Court made a clear error in its previous Order (Doc. 9), his motion for reconsideration (Doc. 11) is **DENIED**.

**SO ORDERED**, this 12th day of November, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] For example, Brown "demand[s] the judge and hearing officials to declare under penalty of perjury that the United States is not a corporation and that most of its courts do not belong to that corporation."  Doc. 11 at 4.

[2] Brown declares that "[a]s a result of HJR 192, and from that day forward (June 5, 1933), no one has been able to lawfully pay a debt or lawfully own anything."  Doc. 11 at 7.